NO. 07-05-0199-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 2, 2006



______________________________




LALENA RENEE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 6707; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Lalena Renee Moore was convicted by a jury of
possession of a controlled substance. The trial court assessed punishment at one year
confinement in a state jail facility, suspended for two years, and a $1,000 fine, which was not
suspended. 

 The clerk's record was filed on August 2, 2005, and a supplemental clerk's record
containing the trial court's certification of defendant's right of appeal was filed on August 15,
2005. The court reporter was notified by letter dated July 19, 2005, that the deadline for filing
the reporter's record had lapsed. Two extensions of time in which to file the reporter's record
were granted due to appellant's failure to submit a written designation and to make arrangements
to pay for the record. Counsel for appellant was then directed to certify compliance with Rules
34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure to this Court no later than
August 30, 2005, however, counsel failed to respond, and the court reporter filed a third request
for an extension of time. By letter dated September 14, 2005, the deadline for filing appellant's
brief was set for October 13, 2005 and that pursuant to Rule 37.3(c), counsel was notified that
only points or issues that do not require a reporter's record could be raised.

 Appellant did not file a brief and was notified by letter dated October 20, 2005, that failure
to do so or respond would result in the appeal being abated. See Tex. R. App. P. 38.8(b). 
Appellant did not respond nor file a brief and the appeal was abated on November 14, 2005. On
February 24, 2006, a second supplemental clerk's record was filed containing findings of fact and
conclusions of law by the trial court indicating appellant did not want to prosecute her appeal.

 Accordingly, the appeal is hereby dismissed for want of prosecution and for failure to
comply with this Court's directive. Tex. R. App. P. 42.3(b) & (c). 



 Don H. Reavis

 Justice


Do not publish.




>THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

         NO. 116503-2; 116851-2; HONORABLE PAMELA COOK SIRMON, JUDGE                                      _______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Kevin Mikel Brashears filed notices of appeal from his convictions of May
15, 2007. On June 13, 2007, the trial court granted a motion to withdraw filed by
appellant’s appointed counsel. No attorney was appointed to represent appellant on
appeal. The clerk’s record and reporter’s record have not been filed.
 
          On August 24, 2007, we abated these appeals, and remanded them to the County
Court at Law No. 2 of Potter County to determine whether appellant desired to prosecute
the appeals, and whether appellant is indigent and entitled to appointed counsel.


 During
the hearing held on September 10, 2007, at which appellant appeared, the trial court
determined that appellant desired to prosecute these appeals but was not indigent and not
entitled to appointed counsel. We reinstated appellant’s appeals on our receipt of the
supplemental record of the hearing.
          The trial court clerk and reporter filed requests for extension, stating they were
unable to file the records because appellant had not paid or made arrangements to pay for
them. By letters of October 26, 2007, this Court directed appellant to file written
verification, by November 15, 2007, of his compliance with Texas Rules of Appellate
Procedure 34.6(b)(1), 35.3(a)(2) and 35.3(b),


 or a reasonable explanation for his non-compliance. We advised appellant that failure to comply could result in dismissal of the
appeals for want of prosecution.


 Tex. R. App. P. 37.3(b). Appellant has not responded
to our letters. Nor have we received the clerk’s record, the reporter’s record, or written
verification that appellant has made payment arrangements for either record. 
 
          The record before us contains the trial court’s finding appellant is not indigent. Tex.
R. App. P. 20.2. We find the trial court clerk has failed to file the clerk’s record in these
appeals because appellant has failed to pay or make arrangements to pay for preparation
of the record, and find that appellant has had a reasonable opportunity to cure his failure
to do so. Accordingly, we dismiss the appeals for want of prosecution. Tex. R. App. P.
37.3(b), 42.3(b), (c). 
 
                                                                James T. Campbell

                                                                          Justice









Do not publish.